UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINMAR CONSTRUCTION, INC., a District of Columbia corporation,<br><br>Plaintiff,<br><br>v.<br><br>THEODORE KASEMIR and ROGER GREENFIELD<br><br>Defendants. | Case No. 14-cv-2112 (RBW) |

## JOINT CASE MANAGEMENT PLAN PURSUANT TO RULE 26(f) and LCvR 16.3

Plaintiff Winmar Construction, Inc. ("Winmar") and Defendants Theodore Kasemir ("Kasemir") and Roger Greenfield ("Greenfield") (collectively, the "Parties"), through their undersigned counsel, conferred via teleconference on February 11, 2015, and pursuant to D. D.C. LCvR 16.3 and Rule 26 of the Federal Rules of Civil Procedure, respectfully submit this Joint Discovery Plan and Scheduling Report.

### Plaintiff's Statement of the Case

1. Plaintiff Winmar Construction Co. filed a three count Complaint in the Superior Court of the District of Columbia against the Defendants who removed the cause to this U.S. District Court for the District of Columbia.

2. In this case, Plaintiff seeks a judgment against Defendants for the amount of damages Plaintiff was awarded by the Superior Court of the District of Columbia in Case No. 2013 CA 004869B (*i.e.*, $575,732.20, plus pre- and post-judgment interest at the rate of 6% per annum from May 10, 2013 until the judgment is paid in full)—a case filed and won by Plaintiff against Restaurants America Consulting Group, Inc. ("RACGI")—a misnomer inadvertently used by Plaintiff in the Superior Court action to identify "Restaurants America."

1

3. "Restaurants America" is and was an unregistered trade name used by Defendants Greenfield and Kasemir on a construction contract (the "Contract") they entered into with Plaintiff pertaining to the construction of Defendants' now-aborted Townhouse Kitchen and Bar project (the "Project") in the District of Columbia. Defendant Greenfield is the sole shareholder, director, President, Secretary, and Treasurer of RACGI. Defendant Kasemir has identified himself as the "Director of Finance" for RACGI. Both Defendants Greenfield and Kasemir were fully aware of Plaintiff's Superior Court lawsuit against RACGI and voluntarily permitted a default judgment to be entered by the Superior Court against RACGI.

4. Count One of Plaintiff's Complaint asserts breach of contract against Defendant Theodore Kasemir as the signatory of the Contract between Plaintiff and "Restaurants America"—an unregistered trade name. Defendant Kasemir denies that he executed or is personally liable on the Contract and affirmatively states that the Contract was between Townhouse DC, LLC and the Plaintiff. Plaintiff notes that Townhouse DC, LLC was never mentioned anywhere in the contract between Plaintiff and Restaurants America. Plaintiff asserts that one of its officials personally witnessed Kasemir sign the Contract.

5. Count Two is a claim for quantum meruit against Defendants Theodore Kasemir and Roger Greenfield for the value of the labor and materials provided by Plaintiff pursuant to the Contract on the Project. Plaintiff asserts that Winmar supplied labor and materials for the construction of the Project at the knowledge and request of, and for the benefit of, Defendants. Plaintiff asserts that Defendants knew or should have known that Winmar had the expectation of reimbursement and payment for the work performed on, and materials furnished to, the Project. Plaintiff asserts that the value of said labor and materials, less all payments received by Plaintiff is, at least, Five Hundred Seventy-Five Thousand, Seven Hundred Thirty-Two and 20/100

Dollars ($575,732.20), plus interest as set forth in the Judgment entered in Plaintiff's favor by the Superior Court of the District of Columbia. Defendants Kasemir and Greenfield deny any personal liability.

6. In Count Three, Plaintiff seeks to hold Defendant Greenfield personally liable for the Judgment entered by the Superior Court against RACGI. Plaintiff asserts that RACGI is an entity of which Defendant Greenfield is the owner, president, sole shareholder, secretary, and treasurer of the entity, and that has never been capitalized or operated separate and apart in any way from Defendant Greenfield.

### Defendants' Statement of the Case

1. Count I of Plaintiff's Complaint alleges that Defendant Theodore Kasemir is personally liable for a construction contract between Restaurants America and Plaintiff. Defendant Kasemir denies that he executed or is personally liable on the aforesaid contract and affirmatively states that to the extent there was any "misnomer," the subject contract was between Townhouse DC, LLC and Plaintiff.

2. Count II of Plaintiff's Complaint is a claim for quantum meruit against Defendants Theodore Kasemir and Roger Greenfield for the value of the labor and materials expended by Plaintiff on the Townhouse Kitchen and Bar project pursuant to the written contract. Defendants Kasemir and Greenfield deny any personal liability, and affirmatively state that the existence of a written contract bars Plaintiff's claims in quantum meruit, and further state that Defendants are not the owners of the property nor the parties who benefitted from the labor and materials allegedly expended on the construction project by Plaintiff.

3. Count III of Plaintiff's Complaint seeks to hold Defendant Greenfield personally liable for a default judgment obtained by Plaintiff against Restaurants America Consulting

Group, Inc. based upon breach of the same contract which is now the subject of this lawsuit. Greenfield denies that he is personally liable for said default judgment and that the corporation has never been operated separate and apart in any way from Defendant Greenfield.

1. **Dispositive Motions**:

Plaintiff believes that the case will be wholly or partially disposed of through a motion for summary judgment. Defendants believe that material factual disputes preclude summary judgment and that the case will be decided upon trial.

2. **Joinder of Parties, Amendment of Pleadings, Issues Agreed Upon or Narrowed**:

The Parties agree that the deadline for amending pleadings and adding parties be August 14, 2015. The Parties are not, at this time, able to reach an agreement as to any of the legal or factual issues raised in this litigation. Following fact discovery, it is anticipated that the Parties may be able to narrow the factual and legal issues.

3. **Magistrate Judge**:

Plaintiff does not wish to have this case assigned to a Magistrate Judge. Defendants are not opposed to assignment for discovery monitoring and settlement conference/mediation, but request trial before this Court.

4. **Settlement**:

The Parties agree to work diligently in good faith to try to settle this case, and if that is not possible, to narrow the factual and legal issues in the case during the course of discovery. At this time, the Parties do not believe that settlement is realistically possible, but agree to revisit the topic of settlement as discovery progresses.

5. **ADR**:

Plaintiff does not believe that ADR would assist with the resolution of this case. Following fact discovery, if the case has not settled by then, Defendants believe that mediation conducted by a Magistrate Judge may be beneficial in achieving settlement of some or all of the case.

6. **Resolution by Motion for Summary Judgment or Motion to Dismiss**:

Plaintiff believes that the case will be wholly or partially disposed of through a motion for summary judgment. Defendants believe that material factual disputes relating to, *inter alia*, the proper parties to the contract, who signed the contract and on what party(ies)' behalf, Plaintiff's claim for quantum meruit when a written contract governed the construction project at issue, and the proper parties to be found liable under such theory, Plaintiff's judgment against a different entity based upon the same claim of the subject contract, and the calculation of damages and valuation of any construction work allegedly performed, will likely preclude summary judgment and that the case will be decided upon trial.

7. **Rule 26(a)(1) Disclosures**:

The Parties agree to comply with the initial disclosures required by Rule 26(a)(1) by March 2, 2015.

8. **Discovery Schedule**:

a) Deadline to issue post-Rule 26(a) discovery requests: The Parties agree to issue their initial written discovery requests by March 27, 2015.

b) Completion of all Fact Discovery: The Parties agree that all written discovery be closed by May 27, 2015, and that all fact depositions be concluded by July 27, 2015.

c) <u>Dispositive Motions</u>: The Parties agree that the deadline for filing dispositive motions be November 6, 2015, thirty-nine (39) days after the close of expert discovery.

9. **Exchange of Expert Witness Reports and Information Pursuant to Rule 26(a)(2)**:

The Parties agree that expert reports be submitted by August 27, 2015 and experts' depositions be completed by September 28, 2015.

10. **Class Action Management**:

Not applicable.

11. **Bifurcation**:

The Parties do not suggest that the case be bifurcated or managed in phases.

12. **Pre-Trial Conference and Trial**:

The Parties suggest a Pretrial Conference date of February 6, 2016, ninety (90) days after the deadline for filing of dispositive motions. The Parties further suggest that this case be set for trial on a date certain 30-60 days following the suggested February 6, 2016 Pretrial Conference date, or 30-60 days after the Pretrial Conference date ultimately scheduled.

13. **Other Matters to be included in Scheduling Order**:

None.

Respectfully submitted,

*/s/ Charles H. Camp*

Charles H. Camp (D.C. Bar #413575)
LAW OFFICES OF CHARLES H. CAMP, P.C.
1025 Thomas Jefferson Street, N.W., Suite 115G
Washington, D.C. 20007
Email: ccamp@charlescamplaw.com
Telephone: (202) 457-7786
Facsimile: (202) 457-7788
***Counsel for Plaintiff Winmar Construction Inc.***

/s/ Robert M. Winter

Robert M. Winter (*Pro Hac Vice*)
Catherine A. Cooke (*Pro Hac Vice*)
ROBBINS, SALOMON & PATT, LTD.
180 North LaSalle Street, Suite 3300
Chicago IL 60601
Email: rwinter@rsplaw.com; ccooke@rsplaw.com
Telephone: (312) 782-9000
Facsimile: (312) 782-6690
***Counsel for Defendants Theodore Kasemir and Roger Greenfield***

Date: February 25, 2015

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing Joint Case Management Plan upon Defendants' Counsel Robert M. Winter, Esquire and Catherine Cooke, Esquire via Pacer this 25th day of February 2015.

_____
Charles H. Camp